**No. 24-7831**

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

JOHN DOE 1 AND JOHN DOE 2,

*Plaintiffs-Appellants*,

v.

FENIX INTERNATIONAL LIMITED AND FENIX INTERNET, LLC

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:24-cv-03713-CRB
Hon. Charles R. Breyer

_____

## APPELLANTS' OPPOSITION TO FENIX'S MOTION FOR LEAVE TO
## FILE SUPPLEMENTAL BRIEF

_____

Mark Poe
Randolph Gaw
GAW | POE LLP
One Embarcadero Center, Suite 1200
San Francisco, CA  94111
415.766.7451
mpoe@gawpoe.com
*Attorneys for Appellants*

Defendant-Appellee Fenix International Limited ("Fenix") seeks leave to file a 760-word "supplemental brief" concerning an opinion that was issued by the California Supreme Court on July 21, 2025. *EpicentRx, Inc. v. Superior Ct. of San Diego Cnty.*, 18 Cal. 5th 58 (2025). The issue in *EpicentRx* that Fenix apparently wants to alert the merits panel to is its holding that a forum selection cause is not rendered unenforceable merely for the fact that the specified forum does not allow jury trials. Mot. ¶ 3.

But as Fenix's moving paper makes clear, it *already* filed a 28(j) letter concerning the exact same case, as Dkt. No. 33.1. Mot. ¶ 4. Fenix cites no rule or other authority that approves of a litigant filing both a 28(j) letter *plus* a "supplemental brief" regarding a single case. Fenix's only basis for its additional supplemental brief is that Plaintiffs "did not mention that decision in their reply brief." Mot. ¶ 5.

Plaintiff-Appellants "did not mention" *EpicentRx* in their reply brief because it has no bearing on this dispute. First, the district court had not addressed the forum selection clause arguments in any way, Fenix's Red Br. at 55 (Dkt. No. 24.1) (conceding as such), so the merits panel is unlikely to take them up in the first instance. Second, Plaintiffs' argument against the forum selection clause has nothing to do with the availability of a jury trial in Fenix's proposed UK forum.

Grey Br. at 22-29 (Dkt. No. 34.1). And indeed, *EpicentRx* expressly endorses the main case on which Plaintiffs' *do* rely to dispute the forum selection clause— *America Online, Inc. v. Superior Court*, 90 Cal. App. 4th (2001). *See EpicentRx*, 18 Cal. 5th at 15-17.

Because there is no authority for submitting both a 28(j) letter plus a "supplemental brief" concerning a marginally relevant new authority, Fenix's motion should be denied.

If the Court nevertheless grants Fenix's motion, Plaintiffs request that they be given ten days to file a supplemental brief of their own, refuting Fenix's arguments.

Date: September 1, 2025

Respectfully submitted,

s/ *Mark Poe*

Mark Poe
Randolph Gaw
GAW | POE LLP
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
415.766.7451
*Attorneys for Appellees*

2

## CERTIFICATE OF COMPLIANCE

This filing complies with the length limitations of of 9th Cir. R. 27-1(1) and Fed. R. App. P. 27(d)(2)(C) because this opposition contains 333 words on 2 pages.

This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this filing has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font.

s/ *Mark Poe*
Mark Poe