GAW | POE LLP

One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

September 1, 2025

<u>Via ECF</u>

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re: No. 24-7831, *John Doe 1 et al. v. Fenix International Limited*—
Response to Rule 28(j) Letter re: *EpicentRx, Inc. v. Superior Ct. of
San Diego Cnty.*, 572 P.3d 1 (2025)

Dear Ms. Dwyer,

Defendant-Appellee Fenix International Limited ("Fenix") finds significance
in the California Supreme Court's decision in *EpicentRx, Inc. v. Superior
Court of San Diego County*, 572 P.3d 1 (2025). But the holding of that case
is very narrow. The court held only that "the impact on a party's jury trial
right does not, itself, provide grounds to decline to enforce a forum selection
clause." 572 P.3d at 6. It remanded for evaluation of the plaintiffs' other
challenges, including "the manner of [the clause's] adoption." *Id.* at 7.
Furthermore, the ruling arose expressly in the context of "arms-length
commercial transactions between sophisticated parties"—there, the plaintiffs'
$5 million investment in a biotech startup. *Id.*

*EpicentRx* is all but irrelevant. First, the district court here has not yet
addressed Fenix's forum selection clause arguments in any way, Fenix's Red
Br. at 55 (Dkt. No. 24.1) (conceding as such), so the merits panel should not
decide the issue in the first instance. Second, Plaintiff-Appellants' argument
against the forum selection clause has nothing to do with the availability of a
jury trial in Fenix's proposed UK forum. Grey Br. at 22-29 (Dkt. No. 34.1).
Third, *EpicentRx* expressly endorses a case on which Plaintiffs *do* rely to
dispute the forum selection clause—*America Online, Inc. v. Superior Court*,
90 Cal. App. 4th 1 (2001). *See EpicentRx*, 572 P.3d at 15-17.



One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

*America Online* is directly on point with one of Plaintiffs' (multiple) arguments against enforcement of the UK forum. *America Online* held that the unavailability of consumer class actions in the alternative forum was an "*independent* reason" why "the forum selection clause is unenforceable," and that "[t]he unavailability of class action relief in this context is *sufficient in and by itself* to preclude enforcement of the TOS forum selection clause." *America Online*, 90 Cal. App. at 5, 18 (emphases added).

That remains the law of California. *See Doe v. Uber Techs., Inc.*, 90 F.4th 946, 949 (9th Cir. 2024) (requiring federal courts to follow state intermediate courts "in the absence of convincing evidence that the highest court of the state would decide differently.") (citation omitted).

Sincerely,

s/ *Mark Poe*

Mark Poe